Gregory D. Obenauer
State Bar No. 103036
1901 First Ave. Ste. 213
San Diego, CA. 92101
(619) 230-1523

Attorney for Rodolfo GONZALEZ-Ruiz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HONORABLE WILLIAM Q. HAYES

| UNITED STATES OF AMERICA | ) No. 07CR3472 WQH |
|---|---|
| Plaintiff | ) NOTICE OF DISCOVERY MOTION |
| v. | ) and Request for ORDER |
| | ) SHORTENING TIME TO FILE |
| Rodolfo GONZALEZ-Ruiz | ) MOTION |
| | ) Date: February 25, 2008 |
| | Time: 2:00 p.m. |

TO: HONORABLE JUDGE WILLIAM Q. HAYES, ASSISTANT U.S. ATTORNEY DAVID KATZ, COUNSEL FOR THE ABOVE-NAMED PLAINTIFF:

   PLEASE TAKE NOTICE that on February 25,2008  at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant(Mr. GONZALEZ), by and through his counsel, Gregory D. Obenauer, will move for orders granting a  motion for continuance for a status of discovery hearing and discovery as requested

   Respectfully Submitted,

   s/ g. obenauer
   _____
   Gregory D. Obenauer
   Attorney for GONZALEZ

Gregory D.
Obenauer

GREGORY D. OBENAUER
State Bar No. 103036
1901 First Ave. Sue. 213
San Diego, CA. 92101
(619) 230-1523

Attorney for Rodolfo GONZALEZ-Ruiz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HONORABLE JUDGE WILLIAM Q. HAYES

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 07CR3472 WQH |
| ) Plaintiff ) | STATEMENT OF FACTS |
| v. ) | AND MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| ) | MOTION FOR DISCOVERY |
| Mr. Rodolfo GONZALEZ-Ruiz ) | |
| Defendant ) | |

**MOTION TO COMPEL DISCOVERY**

As of February 15, 2007, discovery have been provided to the defense including the half of the documents in the "A" file last week. The defense had earlier examined the entire A file as the defense expected that an examination of the "A" file would be dispositive but Mr. GONZALEZ's theory of defense is that his 1987 deportation was invalid and wishes a finding on this issue. Hence, this four day late Discovery Motion for which the defense requests an order shortening time. Mr. GONZALEZ seeks a status hearing in April so that he may obtain and review promised discovery from that 1987 deportation (the tape or transcript) and the tape/transcript from the deportation that the government will use in its case in chief. Mr. GONZALEZ asserts that in 1987 he possessed a green card and Mr. GONZALEZ requests pretrial confirmation of that status

which the government will do as part of its Certificate of Non-Existence.

**STATEMENT OF FACTS PERTAINING TO Mr GONZALEZ**

On October 19, 2007, at 4:00 a.m., Mr. GONZALEZ applied for admission into the U.S. from Mexico at the San Ysidro Port of Entry. According to the U.S. Probable Cause Statement, Mr GONZALEZ was the driver and sole occupant of a blue Ford Explorer. The U.S. claims that he presented a California Identification Card and stated that he was a "U.S. citizen" born in L.A. and going to San Diego. After learning his name, the officer sent him to secondary where fingerprints identified him as a citizen of Mexico who had been previously deported to Mexico. On May 9, 1995 an Immigration Judge ordered him deported from the U.S. to Mexico. He was last removed on or about June 19, 2007. Last, the U.S. claims he has never applied for, nor received permission to enter.

On December 27, 2007, the Grand Jury returned a one court indictment charging Mr. GONZALEZ with Attempted Entry after Deportation attempting a substantial step by crossing the border in violation of 8 U.S.C. 1326 (a)and (b)

**Mr.GONZALEZ** moves for a discovery schedule and the production by the government of the following items. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care or knowledge of any "closely related investigative (or other) agencies" under <u>U.S v. Bryan</u> 868 F.2d 1032 (9th Cir.), <u>cert. denied</u>, 493 U.S. 858 (1989).A discovery schedule is authorized by Rule 16(d)(2) and will serve to avoid delay, conserve judicial resources,prevent surprise, and further the search for the truth at trial. These purposes are central objectives of the discovery process. See Fed. R. Crim. P. 16, advisory committee note, 1974 amendments, and H.R. Report No. 247, 94th Congress, 1st Sews. 13 (1975) Therefore, **Mr.GONZALEZ** requests the following discovery

Gregory D. Obenauer

# I STATEMENTS OF DEFENDANT

A. All pre-indictment and post-indictment written or recorded statements of **Mr.GONZALEZ**, made to any Government agents or material witnesses or informants.

1. That portion of any written record containing the substance of any relevant oral statement made by **Mr.GONZALEZ**, whether before or after arrest. All pre-indictment and post-indictment statements of **Mr.GONZALEZ** whether recorded or unrecorded, oral or written, signed or unsigned, made to persons other than Government agents, which are relevant to the crimes charged, and whom the Government intends to call as witnesses in their case.

B. All pre-indictment and post-indictment statements of **Mr.GONZALEZ** whether recorded or unrecorded, oral or written, signed or unsigned, made to persons other than Government agents which are relevant to the crimes charged and which are either exculpatory or inculpatory, whom the Government does not intend to call as witnesses in their case;

C. Documents reflecting the substance of any oral statement to a third party which the government intends to offer in evidence

# II. EXCULPATORY INFORMATION

A. All information in whatever form or source which tends to exculpate **Mr.GONZALEZ** either through indication of his innocence or through the potential impeachment of any government witness, all information which may be of benefit to **Mr.GONZALEZ** in preparing or presenting the merits of his defense at trial or in connection with pretrial motions. He requests the following:

All evidence tending to show directly or indirectly that **Mr.GONZALEZ** did not have the requisite intent for the crimes charged during any relevant time. **Mr.GONZALEZ** requests evidence

held by the government which will bear on the lawfulness of his arrest and seizure in this case.

  B. Transcripts of the grand jury testimony of any person whose testimony tended to be exculpatory as to **Mr.GONZALEZ** or any factual issue relevant to the indictment.

  C. Arrest Reports, notes, intelligence reports, data collected from the cell phones:. **Mr.GONZALEZ** specifically requests the government to turn over all arrest reports, notes  tapes that relate to the circumstances surrounding his arrest or any questioning, including transmissions and communications made by any of the agents on the day of the arrest. This request includes, but is not limited to , any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim P. 16(a) (1) (A) and <u>Brady v. Maryland</u> 373 U.S. 83 (1963) The government must produce arrest reports, investigator's notes, memos from arresting officers, radio transmissions, sworn statements, and prosecution reports pertaining to the defendant. See <u>Fed. R. Crim. P</u>. 16(a)(1)(B)(C) , 26.2 and 12(I); <u>U.S. v. Harris</u>, 543 Fd 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved);see also <u>U.S. v. Anderson</u> 813 F2d. 1450, 1458 (9th Cir. 1987)(reaffirming <u>Harris</u> holding).

### III REPORTS OF TESTS OR EXAMINATIONS

 **Mr.GONZALEZ** requests the reports of all tests and examinations conducted upon the evidence in this case.

### IV BRADY MATERIAL

 **Mr.GONZALEZ** requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case, including reports of conversations between

Gregory D. Obenauer

**Mr.GONZALEZ** and any material witnesses and informants. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. <u>United States v. Brady</u>, 473 U.S.667 (1985); <u>United States v. Augurs,</u> 427 U.S. 97 (1976).

### V INFORMATION THAT MAY RESULT IN A LOWER SENTENCE UNDER THE GUIDELINES

This request includes any information that could affect any base offense level or specific offense characteristic under Chapter 2 of the U.S.S.G. Included is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.

### VI  ANY PROPOSED 404(b) EVIDENCE

Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a) (1)(C) and Fed. R. Evil 404(b) and 609. The defense requests six weeks notice be given before trial in order to prepare.

### VII SEIZED EVIDENCE

Evidence seized as the result of any search, either warrant less or with a warrant is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and the defense requests that all physical evidence which relates to the arrest or events leading up to the arrest be preserved.

### VIII REQUEST TO INSPECT COPY  AND TEST

**Mr.GONZALEZ** requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect , copy and test all documents and tangible objects, including photographs, books, papers, documents, photographs, of buildings or places that are material to the defense or intended for use in the government's case-in-chief, or were obtained from **Mr.GONZALEZ.**

### IX EXPERT WITNESSES

The defense request the name, qualifications, and a written summary of any person that the government intends to call as an

Gregory D. Obenauer

4

expert witness during its case. Fed R. Crim.P.16(a)(1)(E). Mr GONZALEZ requests that the Court order disclosure of this discovery at least three weeks prior to trial in order to investigate it, to prepare In Limine motions in a timely manner, and to prepare adequately for trial.

X

**ANY STATEMENTS MADE BY DEFENDANT SHOULD BE SUPPRESSED**

**A. The Government Must Demonstrate Compliance with Miranda**

The government has not provided any information regarding Mr.Gonzalez's arrest or whether he made any statements to agent's at the time of his arrest. If any statements were made, the government has the burden of proving the following:

1. <u>Miranda Warnings Must Precede Custodial Interrogation</u>

The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. See <u>Miranda v. Arizona</u>, 384 U.S. 436,444 (1966) The law imposes no substantive duty upon the defendant to make any showing other than the statement was taken from the defendant during custodial interrogation. <u>Id</u>. at 476. Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. <u>Id</u> at 477. see <u>Orozco v. Texas</u>, 394 U.S. 324, 327 (1969)

In <u>Stansbury v. California</u>, the Supreme Court clarified its prior decisions by stating the "the initial determination of custody depends upon the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." 511 U.S. 318, 323 (1994) .

Gregory D. Obenauer

5

The Ninth Circuit has held that a suspect will be found in custody if the actions of the interrogating officers and the surrounding circumstances fairly construed, and would reasonably have led him to believe he could not freely leave. See U.S. v. Lee, 600 F.2d 466, 468 (9th Cir. 1982); U.S. v. Bekowies, 432 F2d.8, 12 (9th Cir. 1970). In determining whether a person is in custody, a reviewing court must consider the language used to summon the defendant, the physical surroundings of the interrogation, and the extent to which the defendant is confronted with evidence of his guilt. See U.S. v. Estrada-Lucas, 651 F.2d 1261 (9th Cir. 1980).

Once a person is in custody, Miranda warnings must be given prior to any interrogation. In U.S. v. Leasure, the Ninth Circuit held that "custody", for purposed of Miranda warnings, usually begin at the point of secondary inspection in border cases. 122 F3rd. 837, 840 (1997) Miranda warnings must advise the defendant of each of his or her "critical" rights. See U.S. v. Bland, 908 F2d. 471,473 (9th Cir.1990) Furthermore, if a defendant indicates that he wishes to remain silent or requests counsel, the interrogation must cease. See Miranda , 384 U.S.at 473-74; see also Edwards v. Arizona, 451 U.S. 477, 482 (1981)

   2. The Government Must Demonstrate that Defendant's Alleged Waiver Was Voluntary, Knowing, and Intelligent.

For a defendant's inculpatory statements to be admitted into evidence, the defendant's "waiver of Miranda rights (during custodial interrogation) must be voluntary, knowing, and intelligent" U.S. v. Binder, 769 F.2d 595,599 (9th Cir. 1985)(citing Miranda 384 U.S. at 479); see also U.S. v. Vallejo, 237 F3rd. 1008, 1014(9th Cir. 2001); Schneckloth v. Bustamonte, 412 U.S. 218 (1973) When interrogation continues in the absence of an attorney, and a statement is taken, a heavy burden rests on the government to

Gregory D. Obenauer

demonstrate that the defendant intelligently and voluntarily waived his/her privilege against self-incrimination and his/her right to retained or appointed counsel. See Miranda, 384 U.S. at 475. The Ninth Circuit has held, "there is a presumption against waiver" Garibay, 143 F3rd 534, 536-37(1998) (citing U.S. v. Bernard S., 795 F2d 749, 752 (9th Cir 1986)) (other internal citations omitted); see also U.S. v. Heldt, 745 F2d 1275 (9th Cir 1984)(stating that the court must indulge every reasonable presumption against waiver of fundamental constitutional rights)
 (citing Johnson v. Zerbst, 304 U.S. 458,464 (1938) The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. See Edwards, 451 U.S. at 482; Zerbst, 304 U.S. at 464; see also Garibay, 143 F3rd at 536; see also Bernard S., 795 F.2d at 751 (stating that "a valid waiver of Miranda rights depends upon the totality of the circumstances, including the background, experience and conduct of the accused.") A determination of the voluntary nature of a waiver "is equivalent to the voluntariness inquiry (under) the (Fifth) Amendment. Derrick v. Peterson, 924 F.2d 813, 820 (9th Cir. 1990)

   A determination of whether a waiver is knowing and intelligent, on the other hand, requires a reviewing court to discern whether "the waiver (was) made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Id; see also U.S. v. Amano, 229 F.3rd 801, 805(9th Cir. 2000); Garibay,143 F3rd.at 536. This inquiry requires that a court determine whether "the requisite level of comprehension "existed before the purported waiver may be upheld. Derrick, 924 F2d at 820. Thus, "(only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived."

Gregory D. Obenauer

7

Id. (quoting Burbine, 475 U.S.at 421) (emphasis in original)(other internal citations omitted)

Unless and until Miranda warnings and a knowing and intelligent waiver are demonstrated by the prosecution, no evidence obtained as a result of the interrogation can be used against the defendant. See Miranda, 384 U.S. at 479.

**B DEFENDANT GONZALEZ's STATEMENTS WERE INVOLUNTARY**

Even when the procedural safeguards of Miranda have been satisfied, a defendant in a criminal case is deprived of due process of law if his/her conviction is found upon an involuntary confession. See Arizona v. Fulminante, 499 U.S. 297 (1991);Jackson v. Denno, 378 U.S. 368, 387 (1964)The government bears the burden of proving that a confession is voluntary by a preponderance of the evidence. See Lego v. Twomey, 404 U.S. 477, 483-84 (1972)

A voluntary statement must be the product of a rational intellect and free will.See Blackburn v. Alabama, 361 U.S 199, 208 (1960).In determining the voluntariness of a confession, the Ninth Circuit has required consideration of "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." U.S. v. Bautista-Avila, 6F3rd 1360, 1364 (9th Cir. 1993);see also Bustamonte, 412 U.S. at 226. Factors a reviewing court should consider when determining voluntariness include the youth of the accused, lack of education, low intelligence, the absence of any advice regarding the accused's constitutional rights, the length of the detention, the repeated and prolonged nature of the questioning, and the use of physical punishment, such as the deprivation of food or sleep, to determine if law enforcement officers elicited a voluntary confession. See Bustamonte, 412 U.S. at 226.

In general, a statement is considered involuntary if it is "extracted by any sort of threats or violence, (or) obtained by any

Gregory D. Obenauer

direct or implied promises, however slight, (or) by the exertion of any improper influence." Hutto v. Ross, 429 U.S.28,30 (1976)(per curiam)(quoting Bram v. U.S. 168 U.S.532, 542-43 (1897); see also U.S. v. Tingle, 658 F3d 1332, 1335 (9th Cir. 1981) (agent's express statement that defendant would not see her child "for a while" and warning that she had "a lot at stake", referring specifically to her child, were patently coercive and defendant's resultant confession held involuntary)

**C. This Court Should Hold An Evidentiary Hearing**

This Court must conduct an evidentiary hearing to determine whether Defendant's statements should be admitted into evidence. Under 18 U.S.C. 3501(a) , this Court is required to determine, outside the presence of the jury, whether any statements made by Mr.GONZALEZ are voluntary. In addition, 18 U.S.C. 3501(b) requires this Court to consider various enumerated factors, including Defendant's understanding of his rights and of the charges against him. Without the presentation of evidence, this Court cannot adequately consider these statutorily mandated factors.

Last, 3501(a) requires this Court to make a factual determination. If a factual determination is required, courts must make factual findings by Fed. R. Crim. P. 12 See U.S.v. Prieto-Villa 910 F2d 601,606-10(9th Cir. 1990)Since "suppression hearings are often as important as the trial itself." Id at 609-10 (quoting Waller v. Georgia, 467 U.S.39, 46 (1984), these findings should be supported by the evidence not merely an unsubstantiated recitation of purported evidence in a responsive pleading.

**CONCLUSION**

Mr. GONZALEZ requests that the Court grant his request for an order shortening time to permit the filing of this motion as explained on page one. **Mr.GONZALEZ** has received discovery in his case and requests a continuance of the motion hearing and requests a

Gregory D. Obenauer

9

status hearing, in order to properly evaluate the evidence in this case. Complete Discovery eliminates the need for continuances and the possibility of surprise at trial. The Discovery requested is justified and should be ordered with leave to file further motions.

Dated: February 15, 2008

,

                                      Respectfully Submitted

                                      s/ g obenauer
                                      Gregory D. Obenauer
                                      Attorney for **Mr.GONZALEZ**

Gregory D. Obenauer

|   |   |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HONORABLE  JUDGE WILLIAM Q. HAYES

| UNITED STATES OF AMERICA | ) | No.07CR3472 WQH |
|---|---|---|
|          Plaintiff | ) |  |
| v. | ) | PROOF OF SERVICE |
| Rodolfo GONZALEZ-Ruiz | ) |  |
|          Defendant | ) |  |

I, the undersigned state:

1. I am over eighteen and not a party to this action.
2. My business address is 1901 1st. Ave. Ste. 213, San Diego, California 92101. I certify that the foregoing pleading is true and accurate to the best of my information and belief and that a copy of the foregoing Discovery Motion has been served   on opposing counsel by CM/ECF upon:

        David Katz, Assistant U.S. Attorney
        David.Katz@usdoj.gov

        s/ g. obenauer
        Gregory D. Obenauer

Gregory D. Obenauer