1  KAREN P. HEWITT
   United States Attorney
2  DAVID L. KATZ
   Assistant U.S. Attorney
3  California State Bar No. 141296
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone No.: (619) 557-5226
   Facsimile No.:  (619) 557-6741
6  David.Katz@usdoj.gov

7  Attorneys for Plaintiff
   United States of America
8

9                   UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11 | UNITED STATES OF AMERICA,        ) Criminal Case No. 07CR3472-WQH
                                     )
12 |         Plaintiff,               ) District Judge: Honorable William Q. Hayes
                                     ) Courtroom:    4 (Fourth Floor)
13 |      v.                          ) Date:         March 24, 2008
                                     ) Time:         2:00 p.m.
14 | RODOLFO GONZALEZ-RUIZ,           )
                                     ) **GOVERNMENT'S RESPONSE AND**
15 |         Defendant                ) **OPPOSITION TO DEFENDANT'S**
                                     ) **MOTIONS TO:**
16                                    )
                                     ) **(1) COMPEL DISCOVERY; AND**
17                                    ) **(2) SUPPRESSION OF STATEMENTS;**
                                     )  (3) **GRANT LEAVE TO FILE**
18                                    )      **FURTHER MOTIONS**;
                                     )
19                                    ) **TOGETHER WITH STATEMENT OF**
                                     ) **FACTS, MEMORANDUM OF**
20                                    ) **POINTS AND AUTHORITIES, AND**
                                     ) **GOVERNMENT'S MOTION FOR**
21 |_____ ) **RECIPROCAL DISCOVERY**

22        COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel

23 KAREN P. HEWITT, United States Attorney, and DAVID L. KATZ, Assistant U.S. Attorney, hereby

24 files its Response and Opposition to Defendant Rodolfo Gonzalez-Ruiz's ("Defendant" or "Gonzalez")

25 above-referenced motions and hereby files its Motion For Reciprocal Discovery.  This Response and

26 Opposition is based upon the files and records of this case.

27

28

**I**

**STATEMENT OF THE CASE**

A Complaint was filed on October 29, 2007, charging him with Attempted Entry After Deportation, in violation of Title 8, USC, Section 1326. On that same date, at his initial appearance before a federal magistrate, Mahir Sharif, was appointed to represent Gonzalez. The preliminary hearing was set for November 13, 2007. On that date, Defendant waived time and the preliminary hearing date was set for November 27, 2007. On November 27, Defendant waived indictment and a Criminal Information was filed (07CR3167-WQH).

On November 27, 2007, a federal grand jury returned a one-count indictment against Defendant, charging him with Attempted Entry After Deportation, in violation of Title 8, USC, Section 1326(a) and (b). Defendant was to be arraigned on the Indictment on January 14, 2008. Gregory Obenauer was subsequently appointed to represent Gonzalez and the case was set for a motion hearing on February 25, 2008. On February 15, 2008, Defendant filed the instant motions. To date, the Government has provided 224 pages of discovery and two (2) audiotapes on which are Defendant's deportation hearing of May 9, 1995. Defendant has requested audio recordings of two deportation hearings that occurred prior to the 1995 hearing. While the Government believes those hearings are not relevant to the current Indictment, the Court ordered that they be produced and the Government is searching for them. They will be produced as soon as possible.

**II**

**STATEMENT OF FACTS**

**A.   Offense Conduct**

  1.   Defendant Attempts to Enter the U.S.

On October 19, 2007, at approximately 0004 hours, Defendant Gonzalez made application for admission to the United States from Mexico at the San Ysidro Port of Entry (SYS POE) as the driver and sole visible occupant of a blue 2000 Ford Explorer bearing California license plate 4MUP079. At primary inspection, Defendant presented a California Identification Card to Customs and Border Protection ("CBP") Officer Cynthia Diaz and stated that he was a U.S. citizen; born in Los Angeles; and that he was headed to San Diego. Officer Diaz entered Defendant's name into the Interagency Border

Protections System ("IBIS") and discovered a possible match and alert on Defendant's name. He was then referred to secondary inspection.

In secondary, CBP Officer Sean Skiles continued the inspection and conducted queries through the CBP computer. Information received for Defendant's name indicated that he had been previously deported from the U.S. to Mexico. No post-arrest statement was taken from the Defendant.

2.    Defendant's Immigration History

Defendant's fingerprints and photograph were then entered into the INDENT computerized identification system. The INDENT system showed Defendant to be a citizen and national of Mexico and a previously deported or excluded alien. CBP Enforcement Officer Fernando Cerda checked several other computer databases utilized by CBP and confirmed that he was a Mexican citizen with no authorization to enter the U.S.; he had been ordered removed from the U.S. on approximately May 9, 1995 and four subsequent occasions; and that he had never applied for or been granted permission to re-enter the United States.

3.    Defendant's Criminal History

A search of records for Gonzalez revealed that he was convicted, on December 1, 1987, in Los Angeles, for Robbery, in violation of California Penal Code ("PC") Section 211, and was sentenced to three (3) years in prison. On October 15, 1989, Defendant was convicted, again, in Los Angeles, of Robbery: Second Degree, in violation of PC 211, and, as a second such felony conviction, he was sentenced to eight (8) years in prison.

On January 2, 1996, he was convicted, in the Southern District of California, of being a Deported Alien Found back in the United States, in violation of 8 USC §1326, and sentenced to 63 months custody. On November 21, 2001, in the Southern District of California, Defendant was convicted of two (2) counts of Illegal Entry, in violation of 8 USC §1325, and sentenced to 30 months custody. Then, on approximately November 13, 2006, Defendant was again convicted under 8 USC §1326, and sentenced to 24 months custody, plus supervised release of one year.

# III

# **ARGUMENT**

### A. Motion for Discovery

The Government has and will continue to fully comply with its discovery obligations. To date, Defendant has been provided with 224 pages of discovery and an audiotape of his May 9, 1995 deportation hearing. The Government has the A-File in this case and the tape recordings of this deportation/removal hearings before an Immigration Judge in 1987 and 1994 have been ordered. Once those are received by Government counsel, Defendant's counsel will be notified and, after obtaining a court order to do so, may make arrangements to review that A-File. A copy of the 1987 and 1994 deport tapes will also be provided to Defendant. The following is the Government's response to defendant's various discovery requests.

#### 1. Statements of Defendant Have Been Provided

The Government will fully comply with Federal Rule of Criminal Procedure 16(a)(1)(A) by providing defendant with his statements, including any tape or digital recordings made of defendant. The Defendant made no post-Miranda statement in this case. The Government will not, however, disclose all oral statements made by the defendant to those individuals not known to be Government Agents. See United States V. Hoffman, 794 F2d. 1429, 1431 (9th Cir. 1986) (Defendant's statements need only be disclosed if made to known Government Agent). However, those oral statements which the defendant made to unknown agents will be timely disclosed prior to trial should the Government decide to use them in its case-in-chief.

#### 2. Arrest Reports, Notes and Dispatch Tapes

The Government has provided the defendant with arrest reports. The substance of relevant oral statements of the defendant are included in the reports already provided. Agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery.

A defendant is not entitled to rough notes because they are not "statements" within the meaning of the Jencks Act unless they comprise both a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. United States v. Bobadilla-Lopez, 954 F.2d 519 (9th Cir. 1992); United States v. Spencer, 618 F.2d 605 (9th Cir. 1980); see also United States v. Griffin,

659 F.2d 932 (9th Cir. 1981).

Dispatch tapes, if they exist, will also be provided to defendant.

### 3. Brady Material

The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963).

### 4. Defendant's Prior Record

As noted above, Defendant has a prior criminal record. He has been supplied with all references to those conviction and subsequent arrests in reports in possession of the Government.

### 5. 404(b) Evidence - Notice of intend to Introduce

The Government has complied with Rule 16(a)(1)(B) in providing defendant with his known prior record as set forth in his "rap sheets" and prior deportations and/or removals. At this time, the Government may attempt to introduce evidence of his previous illegal re-entries following removals/deportations and occasions that he was found back in the U.S. following those removals/deportations, as 404(b) evidence.

### 6. Evidence Seized

The Government has, and will continue to comply with Federal Rule of Criminal Procedure 16(a)(1)(C) in allowing the defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the Government, and which is material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendant, including photographs.

The Government, however, need not produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

### 7. Preservation of Evidence

The Government will preserve whatever evidence was gathered in this case.

### 8. Tangible Evidence

See Paragraph 6 above.

### 9. Evidence of Bias or Motive to Lie

The Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). The Government knows of no bias, prejudice or other motivation to testify falsely or impairments of its witnesses, but will make appropriate disclosures if such information should become known. See Napue v. Illinois, 360 U.S. 264 (1959); Mooney v. Holohan, 294 U.S. 103 (1935).

The Government will provide defendant with any agreements made with witnesses it expects to call at trial.

### 10. Impeachment Evidence

As noted above, the Government will comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

However, under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), the Government must only disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. See also United States v. Gardner, 611 F.2d 770, 774 (9th Cir. 1980).

Under Brady, the suppression by the prosecution of evidence favorable to the accused violates due process where the evidence is material to guilt or innocence. United States v. Bagley, 473 U.S. 667 (1985); Favorable evidence includes impeachment evidence. United States v. Bagley, 473 U.S. 667 (1985).

Defendants are not entitled to all evidence known or reasonable known which is or may be favorable to the accused or which pertains to the credibility of the Government's case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980):

> [I]n response to a request for exculpatory evidence the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

Id. at 774-775.

Defendant requests the Government provide the criminal record of witnesses the Government intends to call and any information relating to a criminal investigation of a witness. Although the Government will provide conviction records, if any, which could be used to impeach a witness, the

6

1  Government is under no obligation to turn over the criminal records of all witnesses. <u>United States v.</u>
2  <u>Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976), <u>cert</u>. <u>denied</u>, 429 U.S. 1074 (1977).  When disclosing such
3  information, disclosure need only extend to witnesses the Government intends to call in its case-in-chief.
4  <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305,
5  1309 (9th Cir. 1979).

6  The Government will turn over evidence within its possession which could be used to properly
7  impeach a witness who has been called to testify.  If Defendant testifies at trial, the Government will seek
8  to impeach him with his prior criminal convictions.  Defendants are not entitled, however, to any and all
9  evidence that a prospective witness is under investigation by federal, state or local authorities for
10 misconduct.

11           11.    <u>Witness Addresses</u>

12 The Ninth Circuit has consistently held that the Government, in a non-capital case, is not required
13 to produce a list of witnesses in advance of trial.  <u>United States v. Dischner</u>, 974 F.2d 1502 (9th Cir.
14 1992), *citing* <u>United States v. Steel</u>, 759 F.2d 706, 709 (9th Cir. 1985). *See also* <u>Weatherford v. Bursey</u>,
15 429 U.S. 545 (1977) (<u>Brady</u> does not require that the prosecution reveal before trial the names of all
16 witnesses who will testify unfavorably).

17 In <u>United States v. Jones</u>, 612 F.2d 453 (9th Cir. 1979), <u>cert</u>. <u>denied</u>, 455 U.S. 966 (1980), the
18 Ninth Circuit stated:

19     The trial court correctly ruled that the defense had no right to pretrial
       discovery of information regarding informants and prospective
20     government witnesses under the Federal Rules of Criminal Procedure, the
       Jencks Act, 18 U.S.C. Section 3500, or <u>Brady v. Maryland</u>, 373 U.S. 83,
21     83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

22 Although the law does not require the Government to disclose witnesses in this type of case, the
23 Government will provide the defendant with a list of witnesses prior to trial.

24           12.    <u>Name of Witnesses Favorable to Defendant</u>

25 The Government will provide defendants the name of any such witnesses should they become
26 known to the government. The Government will not, however, provide defendant with any reports taken
27 from individuals interviewed at the time defendant was arrested unless those reports fall within the
28 dictates of <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) or 18 U.S.C. § 3500.

Should the Government become aware of any exculpatory information contained within any of these documents **as they pertain to the defendant**, they will be provided.

### 13. Statements Relevant to Defense

The Government will provide defendant with any such statement should it become known to the Government.

### 14. Jencks Act Material

The Government will comply with its obligations pursuant to the Jencks Act.

### 15. Giglio Information

The Government will comply with its obligations pursuant to Giglio v. United States, 405 U.S. 150 (1972).

### 16. Expert Witnesses

Pursuant to Rule 16(E), the Government will timely disclose all expert witnesses it expects to call at trial along with their curriculum vitae. As of this time, the Government expects to call an employee of CBP to identify the and explain the basis for a Certificate of Non-Existence, as well as an expert in fingerprint comparisons to testify about the prints of Defendant as compared to fingerprints taken of Defendant at the time of each deportation or exclusion. This fingerprint expert may also be called to compare Defendant's fingerprints with those he provided at the time e was convicted and sentenced for crimes in the past.

**B.     Defendant's Post-Arrest Statements**

Defendant has moved to suppress any post-arrest statements as having been made in violation of Miranda. To the Government's knowledge, no post-arrest statements were made. Therefore, this motion is moot.

**C.     Defendant's Motion for Leave to File Further Motions for
Leave to File Further Motions Should Be Conditionally Denied**

The Government opposes the Court's granting leave to the defendant to file further motions absent any newly discovered evidence revealed by future discovery or a change in substantive law which would justify the filing of such a motion.

**VI**

**GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY**

To date, as noted above, the United States has provided Defendant with 224 pages of discovery. The United States will continue to comply with all of its discovery obligations as additional reports and/or other discoverable material becomes available.

The Government moves the Court to order Defendants to provide all reciprocal discovery to which the United States is entitled under Rules 16(b) and 26.2. Rule 16(b)(2) requires Defendants to disclose to the United States all exhibits and documents which Defendants "intend to introduce as evidence in chief at the trial" and a written summary of the names, anticipated testimony, and bases for opinions of experts the defendants intend to call at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.

**V**
**CONCLUSION**

The Defendant's motions should be granted and denied as noted in the above discussion and the Government's motion for reciprocal discovery should be granted.

DATED: March 17, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/David L. Katz

DAVID L. KATZ
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 07CR3472-WQH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| RODOLFO GONZALEZ-RUIZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, David Katz, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **Government's Response and Opposition to Defendant's Motion** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

   **1.   Gregory Obenauer**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

   **1.   None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 17, 2008

                                   s/ David L. Katz
                                   DAVID L. KATZ